UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHAWN WAGENER,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

CIVIL NO. 17-1531 (JNE/DTS)

REPORT AND RECOMMENDATION

---

Anthony P. Chester, Hyde & Swigart, 120 South Sixth Street, Suite 2050, Minneapolis, Minnesota, for Plaintiff

Margaret A. Santos, Hinshaw & Culbertson, 333 South Seventh Street, Suite 2000, Minneapolis, Minnesota, for Defendant

---

## INTRODUCTION[1]

Plaintiff Shawn Wagener ("Wagener") alleges Defendant Ocwen Loan Servicing, LLC ("Ocwen") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, in its efforts to collect a debt from Wagener. Ocwen has moved to dismiss all TCPA claims in Counts I and II that arose from calls placed on or before May 9, 2013, arguing they are time barred by the statute of limitations. Ocwen also moves to dismiss Wagener's negligence claim (Count III), arguing Ocwen owed Wagener no duty of care, and Wagener's Amended Complaint failed to adequately allege damages proximately

---

[1] This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

1

caused by any alleged breach of duty. The Court recommends Defendant's Motion to Dismiss [Docket No. 25] be denied in its entirety.[2]

## FINDINGS OF FACT

Wagener alleges that between March 30, 2011 and May 16, 2015, Ocwen placed at least 2,123 nonconsensual phone calls to Wagener's cell phone, primarily via an automatic telephone dialing system ("ATDS") and/or an artificial or prerecorded voice, in violation of the TCPA. Am. Compl. at 4-5, Docket No. 20. On May 9, 2017, Wagener sued Ocwen, alleging Ocwen violated the TCPA and breached its common law duty of reasonable care by calling him repeatedly despite his pleas to stop. *Id.* at 12-14.

In the interim, on October 27, 2014 – between the time the allegedly unlawful calls began and the date Wagener filed suit – a proposed class action was filed against Ocwen in Illinois alleging Ocwen's debt collection practices systematically violated the TCPA. *Snyder v. Ocwen Loan Servicing, LLC*, Case No. 1:14-cv-08461 (N.D. Ill. October 27, 2014). On June 28, 2017, the *Snyder* court certified a limited class and on October 5, 2017, a settlement was preliminarily approved. Orders, Docket Nos. 223, 266. Wagener did not join the class, but filed this action before the class certification issue was resolved.

Ocwen has now moved to dismiss portions of Wagener's First Amended Complaint, arguing that any TCPA claims based on calls made before May 9, 2013 are

---

[2] On June 30, 2017, Ocwen moved to dismiss Wagener's original Complaint. [Docket No. 12]. On July 14, 2017, Wagener filed an Amended Complaint. [Docket No. 20]. Ocwen then filed the present Motion to Dismiss the Amended Complaint. [Docket No. 25]. The first Motion to Dismiss [Docket No. 12] is therefore moot.

barred by the TCPA's four-year statute of limitations.[3]  Def's. Br. at 4-9, Docket No. 27. Additionally, Ocwen has moved to dismiss Wagener's negligence claim, arguing it owed no duty of care to Wagener, and Wagener has failed to adequately allege damages proximately caused by Ocwen's purported breach in any event.  *Id.* at 9-11.

## CONCLUSIONS OF LAW

### 1. Standard of Review

In evaluating a Rule 12(b)(6) motion, the Court "must treat the facts pleaded in the complaint as true and construe those facts in the light most favorable to the plaintiff." *Palmer v. The Cty. of Anoka*, 200 F. Supp. 3d 842, 846 (D. Minn. 2016). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A "motion to dismiss should be granted if 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.'"  *Koehler v. Brody*, 483 F.3d 590, 596 (8th Cir. 2007)(quoting *Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir.1999)).

### 2. Statute of Limitations

Ocwen argues that the portions of Wagener's TCPA claims based on phone calls placed prior to May 9, 2013 are barred by the four-year statute of limitations.  Def's. Br. at 4-9.  Wagener argues that under *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) and its progeny, the filing of the *Snyder* class action tolled the statute of limitations for his individual action and therefore all of his claims are timely.  Pl's. Br. at 4-8, Docket No. 29.

---

[3]   28 U.S. C. § 1658.

3

In *American Pipe*, 11 days before the statute of limitations ran, the State of Utah commenced a purported class action under Section One of the Sherman Act, 26 Stat. 209, as amended, 15 U.S.C. § 1. After ruling the suit could not be maintained as a class action, the district court denied applications of previously prospective class members for permission to intervene, stating that their claims were barred by the statute of limitations. On review, the United States Supreme Court held that "the rule most consistent with federal class action procedure [which, among other goals, seeks to deter the unnecessary filing of individual claims] must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. Thus, as initially decided, the *American Pipe* tolling doctrine applied only for the benefit of purported class members if the putative class action was not allowed to go forward as a class action.

In the intervening 43 years since *American Pipe* was decided, various district and circuit courts have grappled with whether the tolling doctrine also applies when the class action is not dismissed and, if so, whether the potential class members must await resolution of the class certification issue before filing their individual claims in order to get the benefit of that tolling. Unsurprisingly, courts within the different circuits have disagreed on these issues. This split of authority defines the positions taken by the parties here.

Wagener argues that numerous courts have held potential class members' claims are tolled upon the filing of a class action, regardless of whether they filed their individual cases prior to resolution of the class certification issue. *See In re WorldCom*

4

*Sec. Litig.*, 496 F.3d 245, 254 (2nd Cir. 2007)("This court has not yet faced the question whether the tolling required by *American Pipe* for members of a class on whose behalf a class action is filed applies also to class members who file individual suits before class certification is resolved. We now conclude that it does."); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008)("We therefore conclude that members of the plaintiff-class who have filed individual suits are entitled to the benefits of *American Pipe* tolling."). Thus, because Wagener's claims are parallel to those in *Snyder*,[4] and because he filed this action while *Snyder* was pending, Wagener argues his claims against Ocwen were tolled under *American Pipe* and are therefore timely in their entirety.[5]

Ocwen's argument – that Wagener's claims are not tolled – primarily relies on *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 568 (6th Cir. 2005), which held that *American Pipe* does not toll individual claims that are filed prior to resolution of class certification. The Sixth Circuit, however, has cast doubt on its own holding in *Wyser-Pratte*. *See Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 789 (6th Cir. 2016)(declining to overrule *Wyser-Pratte* but acknowledging that it is the "minority rule" and that the court "may have doubts about its holding").

Ocwen also suggests decisions by this Court and precedent within the Eighth Circuit support its argument that Wagener's claims are not tolled. First, Ocwen cites

---

[4]   Ocwen does not contest that Wagener is within the zone of potential class members in *Snyder,* but asserts he is not entitled to the benefit of its tolling because he did not await resolution of the class certification issue before he filed suit.

[5]   Since Wagener's claims only go back to March 30, 2011, and since *Snyder* was filed less than four years later in October 2014, all of Wagener's TCPA claims are preserved if *American Pipe* tolling applies.

5

*George v. Uponor Corp.*, 988 F. Supp. 2d 1056, 1078 n.12 (D. Minn. 2013). In *George*, two California residents ("the Overstreets") joined a class action and asserted subclass claims against the defendants based on California law. *Id.* at 1077. Prior to the commencement of the *George* class action, a separate class action was filed in California state court alleging parallel claims against the same defendants as *George*. *Id.* at 1077-78. Class certification in the California case remained pending at the time of the decision in *George*. *Id.* at 1078. While the Overstreets' attorneys represented the plaintiffs in the California class action, the Overstreets had not joined that action. *Id.* Accordingly, the court in *George* held that it was "premature" to dismiss the Overstreets' claims on claim splitting grounds, and that to do so would "deprive the Overstreets of due process." *Id.* In a footnote, the court addressed defendants' argument that because the Overstreets were "passive beneficiaries" of the proposed California class, *American Pipe* required them to join that action. *Id.* at 1078 n.12. The court wrote that *American Pipe* "held that proposed class members were only 'passive beneficiaries' for the purpose of tolling the statute of limitations" and that the "holding did not prevent a party from filing a separate suit before certification so long as their claim is independently timely." *Id.*

In the present case, Ocwen seizes on the footnote's "independently timely" language to assert that Wagener's pre-2013 TCPA claims are untimely and should be barred. However, the court's footnote observation in *George* was not an analysis of *American Pipe*, let alone one that was necessary to the decision in the case. The court's holding in *George* did not hinge on whether the claims before it were timely. Thus, the footnote is not binding precedent on the question presented here.

Ocwen also cites *Pulley v. Burlington N., Inc.*, 568 F. Supp. 1177, 1179 (D. Minn. 1983) for the proposition that *American Pipe* "does not toll the limitations period for individual actions brought by members of the class while the class still exists." In *Pulley*, plaintiff filed an untimely individual action against his former employer, but asserted tolling under *American Pipe* because a parallel class action against the employer had been timely filed. *Id.* The court disagreed that plaintiff was entitled to *American Pipe* tolling because in "order to bring a claim apart from the class action while the class is still in existence," the individual claim must be timely. *Id.* at 1180. The court in *Pulley* relied primarily on *Inda v. United Air Lines, Inc.*, 565 F.2d 554, 559 (9th Cir. 1977)("[T]imely filing of an EEOC charge is not a necessary condition to the obtaining of relief by one as a member of a class on whose behalf suit has been brought [but] if one brings suit on his own behalf, or as a named plaintiff on behalf of a class, he must have secured a [timely] right to sue.").

While *Inda* has never been explicitly overturned, the Ninth Circuit has more recently held that "members of the plaintiff-class who have filed individual suits are entitled to the benefits of *American Pipe* tolling." *In re Hanford Nuclear Reservation Litig.*, 534 F.3d at 1009. The Ninth Circuit's evolution mirrors that of the majority of courts that, in the 34 years since *Pulley*, have interpreted *American Pipe* and its progeny to extend tolling to individual parties who file suit while the class action is pending.

Moreover, in *Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 332 n.6 (8th Cir. 1993), the Eighth Circuit has explicitly declined to decide whether *American Pipe* tolling extends to putative class members:

> We note that there is a sub-issue here that we do not decide because our holding makes it unnecessary that we do so. There is some question whether a putative class member can enjoy the benefits of tolling merely by opting out, even though the class action is still pending. The Supreme Court *in dicta* has intimated as much, even though that is not the language of *American Pipe* or *Crown, Cork & Seal*. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n. 13, 94 S.Ct. 2140, 2152 n. 14, 40 L.Ed.2d 732 (1974)("Petitioner also argues that class members will not opt out because the statute of limitations has long since run out on the claims of all class members other than petitioner [suit having been filed more than eight years before this opinion]. This contention is disposed of by our recent decision in *American Pipe* … which established that commencement of a class action tolls the applicable statute of limitations as to all members of the class."). *But see Pulley v. Burlington N., Inc.,* 568 F.Supp. 1177, 1179 (D. Minn. 1983)("[W]hile a class action tolls the statute of limitations for all claims within the class action, it does not toll the limitations period for individual actions brought by members of the class while the class still exists.").

While the law in the Eighth Circuit is undecided on this point, the footnote in *Concordia* suggests an inclination to follow the majority rule applying *American Pipe* tolling to individual actions filed during the pendency of a class action.

This Court believes the current majority view is the better rule and will apply *American Pipe* tolling to Wagener's claims. The policy rationale underlying the restrictive minority reading of *American Pipe* is unpersuasive. That rationale is that class action procedures exist to deter filing of individual lawsuits pending class certification. Therefore, to discourage the proliferation of individual actions, putative class members' claims are tolled by the existence of the class action. Thus, the minority view concludes, those individual claimants must await the outcome of the class certification process before filing their court-clogging individual lawsuits. If they do not await that outcome, the penalty they pay is to forfeit the benefits of tolling.

But the consequence of that rationale is that putative class members, such as Wagener, who have already decided not to join the class if one is certified, must

8

nonetheless delay filing their action until certain events occur in the class action they have decided not to join. That effectuates no policy underlying class action procedure and is inimical to the rationale underlying the statute of limitations. Thus, this Court concludes that the better rule is the majority view and will apply *American Pipe* tolling to all of Wagener's claims.

### 3. Negligence

Ocwen argues Wagener's negligence claim must be dismissed because Ocwen owed Wagener no duty of reasonable care, and because Wagener's pleading failed to allege a sufficient factual basis that a breach of any purported duty proximately caused any injury. *Shank v. Carleton Coll.*, 232 F. Supp. 3d 1100, 1111 (D. Minn. 2017).

On the question of duty, Ocwen cites two cases holding that there is no fiduciary relationship between lenders and borrowers. Def's. Br. at 9-10. These cases involved claims of negligent misrepresentation based on statements made by mortgage lenders to borrowers. *See Dunnigan v. Fed. Home Loan Mortg. Corp.*, 184 F. Supp. 3d 726 (D. Minn. 2016); *Nelson v. Saxon Mortg., Inc.*, No. CIV. 12-1312 JRT/JJG, 2014 WL 186163 (D. Minn. Jan. 16, 2014). But that is neither the factual paradigm nor the legal theory on which Wagener's claims are premised. Wagener's claim is premised on the common-law duty of reasonable care, not upon any *special* relationship between the parties. Reasonable care is "[t]he standard by which the conduct of a person in a particular situation is to be judged in determining whether he was negligent in the care which an ordinarily prudent man would exercise under like circumstances." *Klingbeil v. Truesdell*, 98 N.W.2d 134, 139 (Minn. 1959). Minnesota law imposes a duty to act with reasonable care when the defendant's own conduct creates a foreseeable risk of harm

9

to a foreseeable plaintiff. *Domagala v. Rolland*, 805 N.W.2d 14, 23 (Minn. 2011). Here, Wagener alleges that Ocwen engaged in conduct – repeatedly calling Wagener despite being asked by Wagener to desist from doing so – that created a foreseeable risk of emotional distress to Wagener.

Wagener points to numerous decisions from other districts in which courts have held that a debt collector does owe a duty of reasonable care to the debtor. *See Quinones v. Ocwen Loan Servicing, LLC*, No. 17-03536 DDP-PLAX, 2017 WL 4641083, at *3 (C.D. Cal. Oct. 16, 2017)("the court does not rule out the existence of a duty of care as it relates to Ocwen's conduct in th[at] case."); *Colorado Capital v. Owens*, 227 F.R.D. 181, 189 (E.D.N.Y. 2005) (during debt collection, credit-card issuers owe a duty of care to customers); *Lowe v. Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1238 (D. Kan. 2003) (a debt collector commits invasion of privacy and intrusion upon seclusion if the collection calls "exceed the bounds of reasonableness."). Courts have allowed emotional distress claims to proceed after as few as 90 debt collection calls. *Fausto v. Credigy Servs. Corp.*, 598 F. Supp. 2d 1049, 1054-56 (N.D. Cal. 2009). Given that Ocwen allegedly called Wagener without consent in excess of 2,000 times, it is plausible that a reasonable person would have foreseen those calls would cause Wagener harm. Thus, Wagener's negligence claim should not be dismissed for failure to establish a duty owed by Ocwen to Wagener.

Second, Ocwen argues that Wagener's complaint must be dismissed because Wagener fails to plead that Ocwen was the proximate cause of Wagener's injuries. Def's. Br. at 10-11. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  A claim is plausible if "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Ocwen contends that Wagener has not plausibly shown that Ocwen is the proximate cause of Wagener's alleged injuries.  Def's Br. at 10-11.  But Wagener's Amended Complaint describes, among other things, intrusion, invasion of privacy and emotional distress caused by the unwanted calls.  Am. Compl. at 9.  The Court can reasonably infer from Wagener's Amended Complaint that Ocwen's near-constant collection calls proximately caused Wagener's alleged emotional injuries.  *Cummings v. Paramount Partners, LP*, 715 F. Supp. 2d 880, 915 (D. Minn. 2010)("[p]laintiffs also have alleged that they suffered an injury and they have presented sufficient factual content from which it is reasonable to infer that the moving Defendants' asserted breach of the duty owed to Plaintiffs was the proximate cause of such injury."); *Smith v. Hous. Auth. of S. Bend*, 867 F. Supp. 2d 1004, 1021 (N.D. Ind. 2012)("from the facts presented in the Amended Complaint, it is reasonable to infer that the injuries described, albeit in general terms, were a foreseeable consequence of the conditions complained of");  *Hayes v. United States*, No. 1:16-CV-00131 (APM), 2016 WL 3465950, at *2 (D.D.C. June 13, 2016)("[R]eading the Complaint favorably to Plaintiff, it is plausible to infer that Defendant's failure to fully grasp Barnes' dangerousness and its placement of her in the general population were the proximate

cause of Plaintiff's injuries."). The Court finds Wagener has satisfied his pleading obligation, and his negligence claim should proceed.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Ocwen's Motion to Dismiss Wagener's Complaint [Docket No. 12] be DENIED AS MOOT; and

2. Ocwen's Motion to Dismiss Wagener's Amended Complaint [Docket No. 25] be DENIED.

Dated: November 15, 2017

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).